**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN D. JUSTICE,**

                  **Plaintiff,**                  9:11-cv-419
                                                             (GLS/DEP)

          v.

**WILLIAM HULIHAN et al.,**

                  **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
John D. Justice
Pro Se
87-B-0385
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN        CATHY Y. SHEEHAN
New York State Attorney General         Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* John D. Justice commenced this action against

defendants William Hulihan (hereinafter "Hulihan"), Charles Tapia, R. Wiggins, Christopher Holmer, Eric Chandler, the Town of Marcy, Hon. Donald S. Buttenschon, Scott D. McNamara, Robert L. Bauer, Michael Hulihan, Richard Roy, and Brian Fischer pursuant to 42 U.S.C. §§ 1983 and 1985.  (Compl., Dkt. No. 1.)  Justice's eight enumerated claims pertain to: interference with the right to petition government for the redress of grievances, equal protection, deliberate indifference to potential harm, and violations of due process.  (*Id.* at 30-32, 36.)  He expressly seeks a declaration that defendants violated his civil rights, and compensatory damages.  (*Id.* at 32-34, 36.)

Following initial review of the complaint, this court dismissed all but two of Justice's causes of action: an Eighth Amendment claim that corrections officers were deliberately indifferent and failed to protect Justice from an assault by a fellow inmate, and a Fourteenth Amendment procedural due process claim that evidence was intentionally withheld from Justice during a disciplinary hearing.  (Dkt. No. 8 at 15-16, 20-21, 22.)  The remaining defendants–Hulihan, Tapia, Wiggins, and Fischer– interposed an answer, (Dkt. No. 16), and subsequently moved for summary judgment, (Dkt. No. 41).  In a Report-Recommendation and Order (R&R) dated July

2

16, 2013, Magistrate Judge David E. Peebles recommended that defendants' motion be granted and Justice's complaint be dismissed. (Dkt. No. 47.) Justice subsequently filed objections to the R&R. (Dkt. No. 48.) For the reasons that follow, the R&R is adopted with respect to the claims against Tapia and Hulihan, and rejected with respect to the claims against Wiggins and Fischer.

## II. **Background**

Justice is an inmate in the custody of the New York State Department of Corrections and Community Supervision (DOCCS). (Defs.' Statement of Material Facts (SMF) ¶ 1, Dkt. No. 41, Attach. 14.) During the relevant time period, Justice was incarcerated in the Mid-State Correctional Facility ("Mid-State"). (*Id.* ¶ 6.) At Mid-State, Justice served on the Inmate Grievance Resolution Committee. (*Id.* ¶¶ 39-40.) Beginning in early July 2008, Justice became aware of rumors that the Mid-State administration was unhappy with his participation on the grievance committee, and he became concerned that the administration was "going to either set [him] up with a weapon or a drug charge, just to get [him] out of the jail." (Dkt. No. 41, Attach. 2 at 52.)

After hearing of these rumors, Justice discussed his concerns with

3

Tapia, the supervisor of the inmate grievance program at Mid-State, and also wrote a letter to District Judge Richard J. Arcara of the Western District of New York.  (*Id.* at 52-55.)  Justice sent a copy of that letter to Tapia, Hulihan, the superintendent of Mid-State, and Fischer, the commissioner of DOCCS.  (*Id.* at 55-56.)  The letter to Judge Arcara explained the reports Justice had heard regarding the administration's dissatisfaction with his presence on the grievance committee, and expressed his concern that the administration would have him "set-up" by way of "a weapon planted...on [his] person, or in [his] living area in [his] housing unit[, o]r with a fictitious drug charge."  (*Id.* at 87.)

On July 26, 2008, Justice was allegedly assaulted by Sean McAleese, a fellow inmate at Mid-State.  (Compl. at 15; Defs.' SMF ¶ 14.)  During the altercation, Justice allegedly suffered a facial injury which required medical attention.  (Compl. at 17-18; Defs.' SMF ¶ 17.)

As a result of the incident, both Justice and inmate McAleese were accused of violating prison rules and issued misbehavior reports.  (Dkt. No. 41, Attach. 3 ¶ 11.)  Following a disciplinary hearing, Justice was disciplined for failing to report his injury.  (Dkt. No. 41, Attach. 2 at 43-44.)  Justice alleges that, in preparation for this disciplinary hearing, he

4

requested a copy of the Unusual Incident Report ("UI Report") in order to prepare his defense at the hearing. (Compl. at 35.) Justice was allegedly told by the hearing office that such a report did not exist, and therefore could not be provided to him. (*Id.*) Justice was subsequently found guilty of the offense, which was affirmed on administrative appeal. (*Id.*) Almost six months after the appeal, the New York State Attorney General's Office produced the UI Report to Justice, and Justice alleges that the report was therefore in existence at the time of his disciplinary hearing. (*Id.*)

Justice commenced this action in April 2011. (Compl.) In October 2012, defendants moved for summary judgment dismissing Justice's complaint. (Dkt. No. 41.)

### III. <u>Standard of Review</u>

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general

5

objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd*, 489 F. App'x 500 (2d Cir. 2012).

### IV. Discussion

Because Justice has made specific objections to Judge Peebles' recommendations, the court has reviewed those objections *de novo*. (Dkt. No. 48); *see Almonte*, 2006 WL 149049, at *3, *5.

**A.   Tapia and Hulihan**

With respect to Justice's claims against Tapia and Hulihan, this court adopts Judge Peebles' R&R, and therefore dismisses the claims against those defendants. The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishments. "Punishment" refers not only to deprivations imposed as a sanction for criminal

6

wrongdoing, but also to deprivations suffered during imprisonment. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  Punishment is "cruel and unusual" if it involves the unnecessary and wanton infliction of pain or if it is incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Id.* at 102.  Thus, the Eighth Amendment imposes on jail officials the duty to "provide humane conditions of confinement" for prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (*quoting Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

"The failure of custodial officers to employ reasonable measures to protect an inmate from violence by other prison residents has been considered cruel and unusual punishment." *Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985).  A plaintiff asserting a failure to protect claim must prove that the defendant actually knew of and disregarded an excessive risk of harm to the plaintiff's health and safety. *Hayes v. N.Y.C. Dep't of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996).

As alleged in the complaint, Hulihan and Tapia failed to protect

7

Justice from a known risk of harm posed by inmate McAleese; Justice alleges that Wiggins "explicitly authorized" the assault. (Compl. at 17.) After reviewing the record, the court agrees with the R&R that there is insufficient evidence to oppose defendants' motion for summary judgment, because the record evidence fails to establish that Hulihan and Tapia had knowledge of, and subsequently disregarded, an excessive risk of harm to Justice's health and safety. (R&R at 13-17.) Both Justice's conversations with Tapia and the letter Justice sent to Judge Arcara simply indicate that Justice was concerned for the potential that the prison administration may try to "set him up" due to his role on the inmate grievance committee, (Dkt. No. 41, Attach. 2 at 52, 86-87), and there is no evidence in the record that Hulihan and Tapia were on notice of a threat to Justice's health and safety. Therefore, although the record is equivocal as to which defendants actually received Justice's letter, even assuming Hulihan and Tapia had received the letter, the language of the letter would not have put them on notice of a threat to Justice's health and/or safety. Consequently, Justice's claims against Hulihan and Tapia based on a failure to protect are dismissed.

B. **Wiggins**

Justice's claim against Wiggins arises from his alleged authorization

8

of the assault on Justice. (Compl. at 17.) In his R&R, Judge Peebles recommended that this claim be dismissed because of the lack of admissible evidence in the record to oppose defendants' motion for summary judgment. (R&R at 13-14.) Specifically, Judge Peebles pointed out that the only record evidence supporting Justice's allegations against Wiggins was Justice's testimony that another inmate, Eslay Martinez, heard Wiggins instruct McAleese to assault Justice. (*Id.* at 13.) Because this evidence would be inadmissible hearsay, Justice could not rely on it in opposing defendants' motion. *See Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) ("[A party] cannot rely on inadmissible hearsay in opposing a motion for summary judgment").

However, in a footnote, Judge Peebles mentions that "[d]efendants' motion is equivocal concerning its scope," as the notice of motion states that all defendants, including Wiggins, seek dismissal, while defendants' memorandum in support of their motion only addresses arguments with respect to three of the four defendants: Hulihan, Tapia and Fischer. (R&R at 10.) Nevertheless, Judge Peebles *sua sponte* considered whether there was sufficient record evidence to support Justice's claims against Wiggins,

9

and recommended dismissal of the claims. (*Id.*) He then permitted the parties to argue, in their objections to the R&R, why the district judge should consider any additional evidence on this point. (*Id.*)

In his objections, Justice asserts that Wiggins did not move for summary judgment, and therefore Judge Peebles' recommendation on this claim resulted in Justice being "wrongfully precluded from offering any evidence or argument" to this point. (Dkt. No. 48 at 3.) Pursuant to Judge Peebles' footnoted instructions, Justice seeks an opportunity to present additional, admissible evidence on this point, namely an affidavit from inmate Martinez. (*Id.*)

As such, the court rejects the portion of the R&R recommending that summary judgment be granted on the claims against Wiggins. Further, Wiggins is given leave to file a dispositive motion no later than 14 days from the date of this Memorandum-Decision and Order.

**C.   Fischer**

With respect to the claims against Fischer, Justice alleges that the withholding of the UI Report constituted a violation of his Fourteenth Amendment due process rights. (Compl. at 34-36.) He seeks "declaratory relief, to the effect that the Inmate Misbehavior Report is declared

dismissed, and the prison disciplinary proceeding declared expunged" from Justice's prison records. (*Id.* at 36.) In his R&R, Judge Peebles recommended that this claim be dismissed due to the lack of record evidence demonstrating Fischer's personal involvement in the alleged withholding of the report. (R&R at 17-20.) For the reasons set forth below, the court rejects this portion of the R&R.

"It is well-settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). However, "[w]hile a plaintiff may not pursue money damages against an individual defendant who lacks personal involvement with the underlying offense, that does not preclude a plaintiff from seeking prospective, injunctive [or declaratory] relief against the same defendant." *Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004); *see Marshall v. Switzer*, 900 F. Supp. 604, 615 (N.D.N.Y. 1995) ("notwithstanding [defendant's] lack of personal involvement in the alleged wrongful conduct, plaintiff's claims for declaratory and injunctive relief . . . are not barred").

11

Justice argues that because he is only seeking declaratory relief against Fischer, and not money damages, he should not be required to prove personal involvement by Fischer in order to maintain his claim. (Dkt. No. 45, Attach. 1 at 2-4.) This argument was unaddressed in the underlying R&R even though Justice raised it in his opposition to defendants' motion for summary judgment. (*Id.*) Additionally, Justice objected to the R&R on these same grounds. (Dkt. No. 48 at 6.) At this juncture, the court finds Justice's argument on this point persuasive, such that summary judgment dismissing the claims against Fischer is not appropriate. The court therefore rejects this portion of the R&R.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' July 16, 2013 Report-Recommendation and Order (Dkt. No. 47) is **ADOPTED** in part and **REJECTED** in part, as follows:

1. The R&R is **ADOPTED**, and the motion for summary judgment **GRANTED** in regard to Tapia and Hulihan.

2. The R&R is **REJECTED**, and the motion for summary judgment **DENIED** in regard to Wiggins.

3. The R&R is **REJECTED**, and the motion for summary judgment **DENIED** in regard to Fischer; and it is further

**ORDERED** that Wiggins may file a dispositive motion within fourteen (14) days of the filing of this order; and it is further

**ORDERED** that Justice may file a response, if necessary, in accordance with the local rules; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 4, 2013
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court