UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN D. JUSTICE,

      Plaintiff,      9:11-cv-419
                (GLS/DEP)
   v.

R. WIGGINS et al.,

      Defendants.
_____

APPEARANCES:        OF COUNSEL:

**FOR THE PLAINTIFF:**
John D. Justice
Pro Se
87-B-0385
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN  CATHY Y. SHEEHAN
New York State Attorney General  Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* John D. Justice commenced this action against

defendants William Hulihan, Charles Tapia, R. Wiggins, Christopher Holmer, Eric Chandler, the Town of Marcy, Hon. Donald S. Buttenschon, Scott D. McNamara, Robert L. Bauer, Michael Hulihan, Richard Roy, and Brian Fischer pursuant to 42 U.S.C. §§ 1983 and 1985.  (Compl., Dkt. No. 1.)  Following initial review of the complaint, this court dismissed all but two of Justice's causes of action: an Eighth Amendment claim that corrections officers were deliberately indifferent and failed to protect Justice from an assault by a fellow inmate, and a Fourteenth Amendment procedural due process claim that evidence was intentionally withheld from Justice during a disciplinary hearing.  (Dkt. No. 8 at 15-16, 20-21, 22.)  Two additional defendants were dismissed on summary judgment, (Dkt. No. 49 at 12-13), leaving only claims against Wiggins and Fischer.  Wiggins has since filed his own motion for summary judgment.[1]  (Dkt. No. 50.)  In an Amended

---

[1] Due to a somewhat unusual procedural history, this is the second time this court has been presented with the claims against Wiggins on summary judgment.  On October 4, 2013, this court rejected Judge Peebles' recommendation that summary judgment be granted to Wiggins, because defendants' summary judgment motion at issue was "'equivocal concerning its scope.'" (Dkt. No. 49 at 9 (quoting Dkt. No. 47 at 10).)  Specifically, in its decision on that R&R, the court noted that, although defendants' notice of motion named all four defendants still in the case at that time, the accompanying memorandum of law made no argument with respect to Wiggins; therefore, the court denied the motion with respect to Wiggins, but permitted him to file his own dispositive motion within fourteen days of the date of that Memorandum-Decision and Order, (*id.* at 10), which he subsequently did, (Dkt. No. 50).

2

Report and Recommendation[2] (R&R) dated July 31, 2014, Magistrate Judge David E. Peebles recommended that Wiggins' motion be granted and the claim against him be dismissed. (Dkt. No. 55.) Justice subsequently filed objections to the R&R.[3] (Dkt. Nos. 54, 56.) For the reasons that follow, the R&R is adopted in its entirety, and Wiggins' motion for summary judgment is granted.

## II. **Background**[4]

Justice is an inmate in the custody of the New York State Department of Corrections and Community Supervision (DOCCS). (Dkt. No. 41, Attach. 14 ¶ 1.) During the relevant time period, Justice was incarcerated in the Mid-State Correctional Facility. (*Id.* ¶ 6.)

As relevant to this motion, on July 26, 2008, Wiggins was a

---

[2] The court notes that Judge Peebles initially issued an R&R on July 15, 2014, recommending that Wiggins' motion for summary judgment be granted, and also, apparently inadvertently, recommending that all of Justice's remaining claims be dismissed. (Dkt. No. 53 at 18.) However, as Justice pointed out in his objections to that initial R&R, only Wiggins had moved for summary judgment, so his claim against Fischer was not before the court. (Dkt. No. 54 at 2-3.) Accordingly, Judge Peebles issued an amended R&R, recommending only that the claims against Wiggins be dismissed. (Dkt. No. 55 at 18.) It is that recommendation that is currently before this court.

[3] The operative objections were filed by Justice in response to Judge Peebles' initial R&R, (Dkt. No. 54), but, in light of the issuance of the amended R&R, Justice asked that the court apply these objections to Judge Peebles' amended recommendations, (Dkt. No. 56 at 3).

[4] Unless otherwise noted, the facts are not in dispute. For further factual background, the court directs the parties to its earlier decision in this case. (Dkt. No. 49 at 3-5.)

3

corrections officer who worked on the 2-H housing unit. (Def.'s Statement of Material Facts (SMF) ¶ 1, Dkt. No. 50, Attach. 2.) On that date, Justice was assaulted by Sean McAleese, a fellow inmate at Mid-State. (Compl. at 15; Dkt. No. 41, Attach. 14 ¶ 14.) During the altercation, Justice suffered a facial injury which required medical attention. (Dkt. No. 41, Attach. 14 ¶ 17.)

As a result of the incident, both Justice and McAleese were accused of violating prison rules and issued misbehavior reports. (Dkt. No. 41, Attach. 3 ¶ 11.) Following a disciplinary hearing, Justice was disciplined for failing to report his injury. (Dkt. No. 41, Attach. 2 at 43-44.) Justice alleges that Wiggins "authorized . . . McAleese to assault" him. (Compl. at 17.) At his disciplinary hearing, Justice testified that "[i]nmates had come to tell [him] that [other inmates] were given the green light to get at [him]," and that it was Wiggins who "gave . . . the green light" for the assault. (Dkt. No. 23, Attach. 1 at 27.) Wiggins denies that he ever gave such authorization. (Def.'s SMF ¶ 2.)

### III. **Standard of Review**

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a

party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. <u>Discussion</u>

Justice's claim against Wiggins arises from Wiggins' alleged authorization of the assault on Justice. (Compl. at 17.) In his R&R, Judge Peebles recommended that summary judgment be granted in favor of Wiggins because Justice has failed to submit any admissible record evidence in support of his allegation that Wiggins authorized inmate McAleese to assault Justice. (Dkt. No. 55 at 9-10.) As noted by Judge Peebles, the only evidence submitted by Justice with respect to this claim is his own testimony from his disciplinary hearing, where he testified that another inmate told him that he heard Wiggins authorize the assault on

5

Justice, which plainly constitutes inadmissible hearsay. (*Id.* at 9-10; Dkt. No. 23, Attach. 1 at 27-28, 35); *see Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) ("[A party] cannot rely on inadmissible hearsay in opposing a motion for summary judgment.").

Although Judge Peebles noted Justice's argument that he should be granted an opportunity to conduct further discovery, pursuant to Fed. R. Civ. P. 56(d), Judge Peebles recommended that this request be denied because discovery in this case closed in June 2012, after several extensions, and thus Justice had ample time to conduct discovery. (Dkt. No. 55 at 11-13.) In addition, Justice has failed to demonstrate that he has made any prior attempts to obtain an affidavit, which he now seeks, from the inmate who allegedly heard Wiggins authorize the assault. (*Id.* at 13-16.) Lastly, Judge Peebles recommended that, even if the court were to construe Justice's request as an application to reopen discovery, that request should likewise be denied, because Justice was provided with ample time while discovery was still open to pursue the evidence he now seeks, and he has failed to demonstrate good cause to reopen discovery at this late stage, after the filing of summary judgment motions. (*Id.* at 16-17.)

In his objections, Justice fails to raise any specific arguments to the R&R that would merit *de novo* review. *See Almonte*, 2006 WL 149049, at *4-5. He merely repeats his argument, which he initially made in his response to Wiggins' summary judgment motion, (Dkt. No. 52 at 4-6), that he should be permitted to conduct additional discovery pursuant to Fed. R. Civ. P. 56(d). (Dkt. No. 54 at 1-2.) Although he appears to assert that the court's prior orders have precluded him from obtaining any discovery from Wiggins, (*id.* (citing Dkt. Nos. 22, 33)), as Judge Peebles indicates, in none of these motions to compel did Justice seek the inmate affidavit that he now seeks.[5] (Dkt. No. 55 at 13-16.) Accordingly, the court has reviewed Judge Peebles' recommendations for clear error and found none, and the R&R is therefore adopted in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' July 31, 2014 Amended Report and Recommendation (Dkt. No. 55) is **ADOPTED** in its entirety; and it is further

---

[5] Justice also argues that he should be entitled to relief pursuant to Rule 56(d) because Wiggins has not responded by way of a reply brief. (Dkt. No. 54 at 2.) However, this argument is of no moment, given the court's determination that Justice has not demonstrated entitlement to such relief in the first place.

**ORDERED** that Wiggins' motion for summary judgment (Dkt. No. 50) is **GRANTED**; and it is further

**ORDERED** that Justice's claim against Wiggins (Compl. at 31) is **DISMISSED** and the Clerk is ordered to terminate Wiggins as a defendant in this action; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2014
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court